

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BOUNLAP MATMANIVONG | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 CV 6415 |
| | ) | |
| v. | ) | Judge John W. Darrah |
| | ) | |
| UNIFUND CCR PARTNERS; | ) | |
| CREDIT CARD RECEIVABLES | ) | |
| FUND, INC.; and ZB LIMITED | ) | |
| PARTNERSHIP, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Bounlap Matmanivong ("Matmanivong"), brings this action to secure redress against Defendants, Unifund CCR Partners ("Unifund"), Credit Card Receivables Fund, Inc. ("Receivables"), and ZB Limited Partnership ("ZB Limited"), for alleged unlawful credit collection practices pursuant to the Fair Debt Collection Practice Act, 15 U.S.C. § 1692 ("FDCPA"). Before the Court is the Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Docket No. 23.) For the reasons stated below, the motion is denied.

## LEGAL STANDARD

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint." *Christensen v. County of Boone, Ill.*, 483 F.3d 454, 458 (7th Cir. 2007). Under the federal notice pleading standards, "a plaintiff's complaint need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair

1

notice of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (internal quotations omitted) (*Tamayo*).

However, plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1959 (2007) (*Bell Atlantic*). Put differently, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 127 S. Ct. at 1974. The amount of factual allegations required to state a plausible claim for relief depends on the complexity of the legal theory alleged. *Limestone Dev. Corp. v. Village of Lemont, Ill.*, 520 F.3d 797, 803 (7th Cir. 2008). When considering a motion to dismiss under Rule 12(b)(6), the complaint is construed in the light most favorable to the plaintiff, all well-pleaded factual allegations are accepted as true and all reasonable inferences are construed in plaintiff's favor. *Tamayo*, 526 F.3d at 1081.

## BACKGROUND

The following facts, alleged in the Plaintiff's Complaint, are accepted as true for the purposes of this motion. Matmanivong is an individual residing in the Northern District of Illinois and, for the purposes of this case, the debtor. Unifund is a general partnership located in Cincinnati, Ohio. Unifund's business consists of purchasing charged-off debts allegedly owed by consumers and attempting to collect those debts from the debtors. A majority of the debts Unifund purchases are credit card debts. The company pays four to ten cents on the dollar for the debt and typically recovers approximately twenty cents on the dollar. Unifund does not, as a standard business practice, acquire documentation for the accounts it purchases, including any particular account agreements signed by the putative debtors. It is a regular practice of Unifund to bring a lawsuit against a particular debtor in order to attempt to collect the debts owed by that debtor. Receivables is a general partner of Unifund incorporated in Ohio; thus, all acts of

2

Unifund are chargeable to Receivables. Finally, ZB Limited is a limited partnership incorporated in Delaware that is also a general partner of Unifund. Similar to Receivables, all acts of Unifund are also chargeable to ZB Limited.

On or about December 29, 2007, Unifund filed a lawsuit in Cook County Circuit Court against Matmanivong to collect an alleged credit card debt incurred for personal, family, or household purposes. Unifund did not own this debt nor did it have any documentation verifying that Matmanivong actually owed the debt. Matmanivong retained counsel to defend the complaint. The lawsuit was set for trial on May 20, 2008, at which time Unifund voluntarily dismissed the case.

With the state-court complaint, Unifund attached a "Unifund Statement," which is a standard form document that Unifund attaches to all collection complaints it files in state court. The statement attached to the complaint is constructed in such a way that it appears to have been sent to the debtor prior to the lawsuit being filed, but it is never actually sent. Included on this statement is a provision that states, "To receive credit for payments as of the date of receipt, we must receive your check or money order at [address]." Matmanivong never received a Unifund Statement prior to the state-court lawsuit. Matmanivong saw the Unifund Statement related to his debt for the first time when it was sent to him as an exhibit with the state-court complaint.

Arising from these facts, Matmanivong brings this action in federal court, alleging that Unifund violated the FDCPA in two ways. First, Matmanivong contends the Unifund Statement constituted a false representation in connection with the collection of his debt. Second, the fact that Unifund sued Matmanivong on a debt it did not own also constituted a false representation in connection with the collection of his debt.

## ANALYSIS

In the first part of the claim, Matmanivong alleges the Unifund Statement attached to the state-court complaint constituted a false representation in connection with the collection of a debt and, therefore, violated Section 1692e of the FDCPA. Unifund contends that this part of Matmanivong's claim cannot be brought under the FDCPA for two reasons: (1) the Complaint is merely alleging Unifund failed to comply with Illinois state pleadings requirements; therefore, the issue is one of state law and is not governed by the FDCPA; and (2) even if the Unifund Statement could be considered a violation of the FDCPA, the Unifund Statement is not a false misrepresentation within the meaning of the Act.

To support its argument that Matmanivong alleges only a violation of a state-court pleading requirement, which is to be decided in state-court, Unifund relies on three cases decided in the Northern District of Illinois. In *Washington v. North Star Capital Acquisition, LLC*, No. 08 C 2823, 2008 WL 4280139 at *2 (N.D. Ill. Sept. 15, 2008) (*North Star*), the court found that a failure to attach an assignment to a state-court complaint was a violation of Illinois pleading requirements and, therefore, the FDCPA was not applicable. In *Rosales v. Unifund*, No. 08 C 3533, 2008 WL 5156681 at *2 (N.D. Ill. Dec. 5, 2008) (*Rosales*), the court held that submitting an affidavit with the state-court complaint when the affiant lacked personal knowledge was a violation of the Illinois pleading requirements, and the matter should properly be resolved in state court. Finally, in *King v. Resurgence Financial LLC*, No. 08 C 3306, slip op. at 2 (N.D. Ill. Nov. 3, 2008) (*King I*), the court found the plaintiff's claim that the defendant failed to attach an assignment to the complaint as required by state law was not a proper claim under the FDCPA and dismissed the claim but granted the plaintiff leave to amend the complaint and re-file.

4

*King I*, Case No. 08 C 3306, slip op. at 4. Unifund contends Matmanivong's allegation concerning the Unifund Statement is analogous to these cases because it is similarly only alleging a violation of state procedural and evidentiary law and that, therefore, similar to the cited cases, this part of Matmanivong's claim should be dismissed from federal court.

Matmanivong maintains that his allegation that the Unifund Statement is a violation of the FDCPA is valid because he is not asserting that the Unifund Statement was improperly filed with the state-court complaint but, rather, that the Unifund Statement itself is false and misleading. Matmanivong relies on *Jenkins v. Centurion Corp.*, No. 07 C 3838, 2007 WL 4109235 at *2 (N.D. Ill. Nov. 15, 2007) (*Jenkins*), where the court held the plaintiff could maintain a cause of action under the FDCPA even if the alleged FDCPA violation is based upon a state-court complaint. Matmanivong contends the FDCPA protects consumers against any false misrepresentations made in connection with the collection of a debt, including misrepresentations made in the state-court complaint. Further, Matmanivong counters Unifund's argument that his allegations concerning the Unifund Statement are only allegations of state procedural violations by relying on *King v. Resurgence Financial LLC*, 08 C 3306 (N.D. Illinois Feb. 9, 2009) (*King II*). In *King II*, the court found plaintiff's amended complaint to state a claim under the FDCPA because the plaintiff amended his complaint to allege — in addition to failing to attach a required assignment to the complaint — the defendant falsely stated that it owned the debt. Therefore, because of this amendment, a valid claim under the FDCPA existed, and the complaint could no longer be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

While a claim alleging insufficient state-court pleadings is controlled by state procedural and evidentiary law and is not a valid claim under the FDCPA, *see King I*, No. 08 C 3306, slip op. at 3; *North Star*, 2008 WL 4280139 at *2, if the plaintiff alleges more than merely state-court

5

pleading deficiencies and, instead, alleges that a false representation was made in the pleadings, then the violation may properly be considered under the FDCPA. *King II*, No. 08 C 3306, slip op. at *3; *see also Jenkins*, 2007 WL 4109235 at *3 (findings that a claim based on a false representation made in the state-court complaint is a valid claim under the FDCPA). In *Gearing v. Check Brokerage Corp.*, 233 F.3d 469 (7th Cir. 2000) (*Gearing*), the Seventh Circuit affirmed a district court's findings that part of the defendant's state-court complaint alleging that it was subrogated to Ayerco's[1] rights constituted a false representation of the legal status Check Brokerage had with regard to the debt and, therefore, violated Section 1692e of the FDCPA. *Gearing*, 233 F3.d at 472. Therefore, the Seventh Circuit has determined a false statement can be a violation of the FDCPA, regardless of when the misrepresentation was made. *See Jenkins*, 2007 WL 4109235 at *3.

Therefore, whether a valid claim exists under the FDCPA turns on whether a false or misleading statement relating to the collection of a debt was made, regardless of whether the statement was made in a state-court complaint or otherwise. Here, Matmanivong alleges that the "Unifund Statement" attached to the Complaint was a false representation that the debtor had been previously notified of the debt. This part of the claim raises an issue not related to state-court procedural or evidentiary rules but, rather, regarding the nature of the Unifund Complaint and attached Unifund Statement and what it is intended to convey to the debtor in Unifund's attempt to collect a purported debt. Because Matmanivong accuses Unifund of making a false representation relating to his debt through the use of the Unifund Statement, this aspect of the claim is properly brought under the FDCPA. *See King II*, 08 C 3306, slip op. at 3.

---

[1] Ayerco is the convenience store where Gearing's debt originated because he bounced two checks at the store. *Gearing*, 233 F.3d at 471.

6

Second, in order to fall within the scope of Section 1692e of the FDCPA, the representation must actually be false, deceptive, or misleading. If there is no misrepresentation, no cause of action exists. Unifund argues that because Matmanivong does not allege any of the actual information contained in the Unifund Statement is false, the Unifund Statement would not confuse an unsophisticated consumer. Therefore, no cause of action exists. Unifund also relies on *Hahn v. Triumph Partnerships LLC*, 557 F.3d 755 (7th Cir. 2009) (*Hahn*), where the court found that materiality is an ordinary element of any federal claim based on a false or misleading statement. *Hahn*, 557 F.3d at 757. Unifund maintains that regardless of the contents of the statement, the Unifund Statement is immaterial to the debt collection and, therefore, cannot be found to be misleading within the meaning of the Act. However, Matmanivong alleges the statement is written and presented in such a way that it suggests to the reader that it was sent to the debtor prior to the filing of the state lawsuit; thus, an unsophisticated consumer, considering the documents, would be confused or misled. Matmanivong maintains that although the information within the Unifund Statement may be correct, the Unifund Statement as a whole is misleading because it was never previously sent to the debtor as is directly implied. With respect to the materiality, Matmanivong states that a fake document attached to a collection complaint is by definition material. *See Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1121 (1st Cir. 1989).

A central purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors. In relevant part, Section 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt. The Act lists examples of prohibited conduct, including: the false misrepresentation of the character, amount, or legal status of any debt and the use of any false misrepresentation or

7

deceptive means to collect or attempt to collect a debt. *See* §1692e(2) & (10). Communications to lawyers and the court are subject to Section 1692e the same way that communications to consumers are subject to the FDCPA. *Evory v. RJM Acquisitions Funding LLC*, 505 F.3d 769, 773 (7th Cir. 2007) (*Evory*) ("These sections do not designate any class of persons, such as lawyers, who can be abused, misled, etc. by debt collectors with impunity.") When deciding whether a communication is false, misleading or deceptive, the typical standard is that of the unsophisticated consumer. The key inquiry is "whether a person of modest education and limited commercial savvy would likely be deceived." *Evory*, 505 F.3d at 774. The standard varies slightly when analyzing communications with a lawyer or the court; in those instances the inquiry is whether the representation by the debt collector would be likely to deceive a competent lawyer. *Evory*, 505 F.3d at 775. However, if the communication is a false representation, then, regardless of whether the representation is made to the consumer's lawyer or the consumer, the same "unsophisticated consumer" standard applies because it is just as difficult for a lawyer to see through a false statement as a consumer. *Evory*, 505 F.3d at 775.

In addition, materiality of the claim must be considered in conjunction with an analysis under Section 1692e. *Hahn*, 557 F.3d at 757. "A statement cannot mislead unless it is material, so a false but non-material statement is not actionable." *Hahn*, 557 F.3d at 757. The issue of materiality is a mixed question of law and fact. *TSC Industries, Inc. v. Northway, Inc.*, 426 U.S. 438, 450 (1976). The determination of materiality is dependent on whether the information has a reasonable probability of affecting the outcome of the case. *United States v. Bagley*, 473 U.S. 667, 682 (1985).

In this case, Matmanivong contends that the Unifund Statement was a false representation of the character of the debt, violating Section 1962e(2)(A), and a false

8

representation made in connection with the collection of the debt, violating Section 1692e(10). In the Complaint, Matmanivong alleged the misleading appearance of the Unifund Statement. Matmanivong's allegations are sufficient to plead a false representation under the FDCPA. The allegations are also sufficient at this stage to plead materiality. In a recent Northern District of Illinois decision regarding a motion to dismiss based on the same Unifund Statement and the same issue, the judge denied a motion to dismiss and found enough support in the Seventh Circuit precedent to allow the case to proceed. *See Washington v. Unifund*, No. 08 C 6418 (N.D. Ill. Feb. 10, 2009) (information gathered from the transcript of proceedings before the Honorable Rebecca R. Pallmeyer). This Court likewise denies Unifund's Motion to Dismiss on the basis of the Unifund Statement.

Matmanivong's second part of the claim is that Unifund, by suing on a debt that it did not own, falsely represented itself in connection with the collection of the debt, thereby violating Section 1692e of the FDCPA. Unifund contends this is not a valid claim under the FDCPA because Matmanivong's allegation is nothing more than a federal court challenge to an Illinois pleading requirement. Unifund relied on the judge's ruling in *King I* and interpreted the court's conclusion to suggest that the plaintiff's arguments were only alleging a state-court pleading deficiency.

Unifund's interpretation of the reasoning in *King I* is misplaced. First, the court in *King I* explicitly declined to address whether the plaintiff's argument that "the underlying claim of the complaint is that the defendant committed fraud by filing suits without having taken title to the debts" because "[the] Complaint cannot fairly be read to rely on this theory of fraud." *King I*, No. 08 C 3306, slip op. at 3. Thus, it is not that the court found the fact that the defendant did not own the debt to be an issue for state-court, but that specific allegations of misrepresentation

were not sufficiently stated in the complaint. *King I*, No 08 C 3306, slip op. at 3. Second, it is clear from the court's subsequent opinion in *King II* that the court determined that defendant's lack of ownership of the debt could support a cause of action under the FDCPA. *See King II*, No. 08 C 3306, slip op. at 2. In *King II*, the plaintiff amended the complaint to include a claim that specifically stated the allegation that "Resurgence violated the FDCPA because Resurgence did not own the debt on which it filed suit and misrepresented that it was an assignee to the debt." *King II*, No. 08 C 3306, slip op. at 2. The court's decision, denying the motion to dismiss the amended complaint, was premised specifically on the allegations of the false misrepresentations made by the defendant in claiming to own the debt. *King II*, No. 08 C 3306, slip op. at 3.

Drawing all inferences in favor of Matmanivong and accepting all facts in the complaint as true, Matmanivong has alleged sufficient facts to plausibly claim that Unifund violated Section 1692e of the FDCPA.

## CONCLUSION

Defendants' Motion to Dismiss the Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) is denied.

Dated: *April 28, 2009*

JOHN W. DARRAH
United States District Court Judge